UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAZON ENVIRONMENTAL, INC.,

                 Plaintiff,

v.

OMNICHEM, LLC.,

                 Defendant.

_____/

CIVIL ACTION NO. 04-74668

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

**REPORT AND RECOMMENDATION**

**I.**   **RECOMMENDATION**:

     I recommend that Defendant Omnichem, LLC's Motion for a Preliminary Injunction be denied.

**II.**   **INTRODUCTION**:

     Plaintiff, Amazon Environmental, Inc. ("Amazon") and defendant Omnichem, LLC ("Omnichem") are competitors in the business of processing industrial paint sludge into a product which is useful as an additive in the production of Portland Cement. Amazon is the holder of United States Letters Patent No. 6,685,771 (the "'771 patent") pertaining to an invention entitled "introducing an additive to Portland Cement." The '771 patent claims a "method of incorporating a mineral containing particulate into Portland Cement" that includes "agglomerating the mineral containing particulate and an agglomerating material to produce an additive; and introducing the additive into the Portland Cement manufacturing process before the burning step." (Complaint, Paragraphs 5-7). Amazon asserts that the '771 patent protects its process of recycling industrial paint sludge and related wastes into a

1

product Amazon calls processed latex pigment ("PLP") for use an additive in the cement manufacturing process.  Omnichem also recycles industrial paint sludge and related wastes to produce a product which it calls "Omnicrete" that is also used as an additive in the manufacture of cement.  Amazon alleges that Omnichem is liable for inducing infringement under 35 U.S.C. §271(b), and contributory infringement under 35 U.S.C. §271(b).  (Complaint, Paragraphs 7-8).  Omnichem has filed a counterclaim alleging, in part, that Amazon has tortiously interfered with its contractual relationships and prospective economic advantage by "improper and wilful activities."  (Counterclaim, Paragraph 4).  The gravamen of the counterclaim is that Amazon has interfered with Omnichem's business by improper contacts with its customers.

        In the course of discovery in this case, Amazon has served Omnichem with requests for the production of documents relating to its sludge processing business, with particular emphasis upon its activities in the development, production and distribution of its Omnicrete product.  In response to the numerous requests, Omnichem has interposed a host of "general objections and limitations" which appear to be asserted universally.  In addition, Omnichem has responded to specific requests with declarations that "it does not have any responsive documents in its possession, custody or control."  (See, Omnichem, LLC's Responses to Plaintiff Amazon Environmental, Inc.,'s First Set of Requests for Production of Documents and Things; Numbers 6, 11, 12, 15, 17-19, 29 and 30).  As to other requests, Omnichem interposes claims of attorney client privilege and/or attorney work product protection.  Those claims, however, uniformly fail to comply with the requirements of Fed.R.Civ.P. 26(b)(5), thus denying Amazon the ability to "assess the applicability of the privilege or protection."  (Id., Nos. 1, 2, 21-23, 25 and 27).  In still other cases, Omnichem

2

professes a lack of understanding of the words employed in the document requests. (Omnichem's Responses, Nos. 6-10, 13-21, 29 and 30).

In view of its inability to obtain the requested documents from Omnichem, Amazon served 12 subpoenas for document production upon third party business concerns from whom Omnichem either obtained industrial paint sludge, or to whom Omnichem delivered its Omnicrete cement additive.  The document requests with which Omnichem takes issue in its present motion fall into three general categories: 1) documents relating to the amount of paint sludge Omnichem has taken from the customer, and the amounts the customer has paid Omnichem; 2) "documents from Omnichem describing the process(s) [sic] of recycling paint sludge and related waste;" and 3) "documents from Omnichem referring or relating to Amazon."  (Omnichem Brief, page 4).  In addition, Amazon has sought to depose third parties with regard to certain alleged statements by Omnichem agents that it is using the "Amazon process."  Omnichem denies that any such statements were made.  It asks the court to enjoin Amazon from enforcing its subpoenas to third parties, some of whom are customers of both the plaintiff and the defendant.  In support of its motion, Omnichem asserts that it will prevail on its claims of intentional interference by Amazon with its existing or prospective economic relationships, and that Omnichem will be irreparably harmed if Amazon is allowed to continue its discovery efforts directed to Omnichem customers.

III.   **APPLICABLE LAW**

"In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparably injury without the injunction; (3) whether issuance of the injunction would cause substantial harm

3

to others; and (4) whether the public interest would be served by issuance of the injunction.'"
American Civil Liberties Union of Ky. v. McCreary County, Ky., 354 F.3d 438, 445 (6th Cir.
2003) (quoting Rock and Roll Hall of Fame & Museum, Inc. V. Gentile Prods., 134 F.3d 749,
753 (6th Cir. 1998)); see also, Taubman Co. V. Webfeats, 319 F.3d 770, 774 (6th Cir. 2003).

       "'The four considerations applicable to preliminary injunction decisions are factors to
be balanced, not prerequisites that must be met.'" Hamad v. Woodcrest Condominium
Ass'n., 328 F.3d 224, 230 (6th Cir. 2003) (quoting Michigan Bell Tel. Co. v. Engler, 257 F.3d
587, 592 (6th Cir. 2001)); see also, Taubman Co., 319 F.3d at 774.  Notwithstanding this
balancing approach, however, the likelihood of success and irreparable harm factors
predominate the preliminary injunction inquiry.  Thus, "[a]lthough no one factor is controlling,
a finding that there is simply no likelihood of success on the merits is usually fatal."
Gonzales v. National Bd. Of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000); see also,
Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general
matter, none of these four factors are given controlling weight, a preliminary injunction
issued where there is simply no likelihood of success on the merits must be reversed.").

       Further, as the Supreme Court has held, "[t]he basis of injunctive relief in the federal
courts has always been irreparable harm and inadequacy of legal remedies."  Beacon
Theaters, Inc. v. Westover, 359 U.S. 500, 506-07 (1959).  Thus, "[t]he threat of irreparable
harm is a sine qua non for granting preliminary injunctive relief."  Christie-Spencer Corp. V.
Hausman Realty Co. Inc., 118 F.Supp. 2d 408, 423 (S.D.N.Y. 2000); accord Patio
Enclosures, Inc. v. Herbst, 39 Fed. Appx. 964, 967 (6th Cir. 2002); see also, Friendship
Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 105 (6th Cir. 1982) ("A district court
abuses its discretion when it grants a preliminary injunction without making specific findings

4

of irreparable injury to the party seeking the injunction.")

Plaintiff bears the burden of demonstrating its entitlement to a preliminary injunction, and the burden is a heavy one.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  Overstreet v. Lexington-Fayette Urban County Gov't., 305 F.3d 566, 573 (6th Cir. 2002).  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."  Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000).  Thus, plaintiff may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## A.    LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff first must show a likelihood of success on the merits.  As explained above, this factor, along with the irreparable injury factor, predominates in the preliminary injunction analysis.  Thus, although plaintiff need not show that it is sure to prevail on any of its claims, it must, "at a minimum, show[] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." Six Clinics Holding Corp. v. Cafcomp Sys., Inc., 119 F.3d 393, 400 (6th Cir. 1997) (internal quotation omitted); see also, Gaston Drugs, Inc. V. Metropolitan Life Ins. Co., 823 F.2d 984, 988 & n.2 (6th Cir. 1987).

**B.    IRREPARABLE HARM**

In order to obtain a preliminary injunction, the harm that would result in the absence of the injunction must be irreparable, not merely substantial.  As the Supreme Court has noted,

> "The key word in this consideration is **irreparable**.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

Sampson v. Murray, 415 U.S. 61, 90 (1974) (quoting Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 924 (D.C. 1958)).  In Short, "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." Overstreet, 305 F.3d at 578.  In evaluating the harm facing the plaintiff, the Court must evaluate three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n, 812 F.2d 288, 290 (6th Cir. 1987).

**C.    INTEREST OF THE PARTIES AND THE PUBLIC INTEREST**

As noted above, the likelihood of success and irreparable harm factors are the most important in the preliminary injunction analysis.  Where a petitioner for injunctive relief has failed to demonstrate either, it is unnecessary to consider the remaining two factors.  See Gonzales, 225 F.3d at 632 ("Because we conclude that plaintiff has no likelihood of success on the merits, we need not consider whether he would otherwise be entitled to a preliminary injunction."); High Tech Med. Instrumentation, Inc. v New Image Indus., Inc., 49 F.3d 1551,

1555 (Fed. Cir. 1995); see also, National Hockey League Players' Ass'n. v. Plymouth Whalers Hockey Club, 325 F.3d 712, 717 (6th Cir. 2003) ("[A] district court is not required to make specific findings concerning each of the four factors . . . if fewer factors are determinative of the issue.").

IV.  **ANALYSIS**

Omnichem declares that it will prevail on its claims for intentional interference with existing or prospective economic relationships if it can show: (1) the existence of valid business relations with its customers; (2) knowledge of the relationship by Amazon; (3) intentional interference by Amazon causing breach of the business relation or its expectancy; and (4) that Amazon's improper conduct caused Omnichem to suffer harm. While I accept the analytical framework as suggested, I do not find that Omnichem has established each of the requisite elements.  Accepting for purposes of discussion that Omnichem has a relationship with Honda, as it alleges, and further that Amazon is aware of that relationship, I find that Omnichem has offered no evidence: (a) that Amazon has acted improperly in contacting third party customers for discovery purposes; (b) that Amazon intentionally interfered with Omnichem's beneficial relationship; or (c) that Omnichem has suffered any damage as a result of Amazon's action.

As the holder of rights under the '771 patent, Amazon is entitled to protect its interests.  That entitlement extends to the filing of an infringement action, and to the conduct of discovery in the course of that suit.  The Federal Rules of Civil Procedure confer broad discovery rights.  A party may obtain discovery regarding any matter, not privileged, which is relevant to a claim or defense of a party.  Fed.R.Civ.P. 26(b)(1).  Generally, the fact that information sought in discovery may be available from another source is not a bar.  6

7

Moores Federal Practice 26; 60[3].  Amazon is a competitor of Omnichem, and has a legitimate business interest in protecting the exclusivity of its patent.  Michigan law takes into account a party's legitimate business interests in deciding whether contacts with third parties regarding a competitor are permissible.  <u>Jim Bob, Inc. v. Mewling</u>, 178 Mich. App. 71, 96-97; 443 N.W. 2nd 451 (1989).  Finally, the existence of a patent lawsuit is a matter of public record, and disclosure of the same is not actionable.

Omnichem cites <u>Joy Technologies Inc. v. Flakt, Inc.</u>, 772 F.Supp. 842 (D. Del. 1991) for the proposition that a party should be protected by the court from efforts by its adversary to obtain discovery from its third party customers.  In that case, such however, protection was afforded only because the party seeking discovery did not convince the court that the information sought was not available from the party opponent itself.  In this case, Amazon plainly did attempt to secure documents and testimony from Omnichem and its employees.  Those efforts yielded much resistence, but very little information.  Omnichem argues that Amazon is obligated to exhaust all possible avenues to overcome Omnichem's denials and objections before third party discovery is permissible.  I disagree.  Such a rule would inevitably undermine the discovery process by encouraging endless objections, which a requesting party would be obliged to address by motions to compel.  Fed.R.Civ.P. 1 provides that the rules should be construed and administered "to secure just, speedy and inexpensive determination of every action."  Amazon should not be obliged to expend the time and money necessary to cross every line that Omnichem chooses to draw in the sand.  Having attempted to obtain needed documents and testimony from Omnichem - only to be met with denials and vague objections, Amazon should have the option to seek discovery from alternative sources.  Omnichem has denied that many of the documents sought by

8

Amazon are within its possession or control.  As to others, it has interposed attorney/client privilege and attorney work product protection claims (without the descriptive information required by Rule 26(b)).  Amazon should not be obliged to challenge those assertions before it is permitted to seek the documents and/or information from third parties, in whose hands they may not be privileged or otherwise protected.  To hold to the contrary would unduly restrict Amazon's ability to "secure just, speedy and inexpensive determination" of the issues in this case.

Omnichem has produced no evidence that Amazon or its agents issued communications to third parties with the intent of damaging Omnichem's business relationships.  Omnichem's tortious interference claim is governed by Michigan law, which requires a party bringing such a claim to show as a part of the *prima facie* case that a third party was induced either to breach a contract or to break off a prospective business relationship by an intentional act that was (1) wrongful per se; or (2) lawful, but done with malice and unjustified in law.  CME International, Inc. v. Intermet International Corp., 251 Mich. App. 125, 130; 649 N.W. 2nd 808 (2002).  The intentional act must be shown to have been without justification, and intended to interfere with plaintiff's contractual rights or business relationships or expectancies.  Winiemko v. Valenti, 203 Mich. App. 411, 418; 513 NW 2nd 181 (1994).  In this case, Omnichem has provided no reliable evidence to support the proposition that Amazon's contact with third parties was wrongful per se, or done with malice and unjustified in law.  That is not to say that Omnichem ultimately will not be able to present sufficient evidence to succeed on the merits of its claims.  At this stage, however, it has the burden of producing evidence demonstrating a likelihood of success.  I find that they have failed to meet that heavy burden, and that injunctive relief is inappropriate.  See,

9

Bristol Tech., Inc. v. Microsoft Corp., 42 F.Supp. 2nd 153, 169-70 (D. Conn. 1998); Davis and Co. Autoparts, Inc. v. Allied Corp., 651 F.Supp. 198, 202 (S.D.N.Y. 1986).

Omnichem relies primarily upon Affidavits by its president (O'Quinn) and sales manager (Schroeder).  (Omnichem Exhibits 3 and 4).  The affiants assert that "it is clear that, because of Amazon's misrepresentations to Omnichem's customers and to cement kilns, Omnichem is losing good will in the marketplace.  The affidavits are short on facts and long on conjecture.  The alleged misrepresentations by Amazon are not revealed, and no factual basis is stated for the conclusion that Omnichem is losing business or good will.[1]  The affidavits are simply insufficient to support a claim for injunctive relief.  Atari Games Corp. v. Nintendo of America, Inc., 897 F.2d 1572, 1575 (Fed.Cir. 1990).

A party seeking injunctive relief bears the burden of establishing that denial of such relief would result in irreparable injury.  Injunctive relief is not appropriate where the harm alleged may be adequately remedied by other means, such as monetary relief at the close of the case.  Kline v. Pepisco, Inc., 845 F.2d 76, 80 (4th Cir. 1988).  Omnichem's claim of irreparable damage from Amazon's discovery efforts is essentially a mere restatement of its counterclaim for damages based on tortious interference with its business interests.  The underlying claim, like all torts, will be rectified by an award of money damages if Omnichem is ultimately successful in the case.  Winemko v. Vallenti, 204 Mich. App. 411, 415 (1994).  Typically, the measure of damages would be computed by analysis of the injured party's prior business dealings, with a view to determining whether any significant change occurred as a result of the offending party's actions.  Omnichem has offered no reason to conclude

[1]  It should be noted that none of the third party subpoena recipients has filed objections as permitted by Fed.R.Civ.P. 45(c)(2)(B).

10

that such an analysis would be impossible in determining damages resulting from Amazon's allegedly improper discovery contacts with its customers. In the absence of such a showing, a grant of injunctive relief is unwarranted.

Omnichem has elected not to address the other two prongs of the traditional test for evaluating a request for preliminary injunction: (3) the impact on the public interest, and (4) the possibility of substantial harm to others. As the moving party has waived those issues, I will not address them.

## V.    CONCLUSION

In conclusion, I find that Omnichem has failed to demonstrate a substantial likelihood that it will be successful on the merits of its claims relating to Amazon's communications with its third party customers. Furthermore, I find that any harm which might result to Omnichem from such contacts can be adequately remedied through traditional damage analysis and a monetary award. Omnichem has failed to bear its heavy burden of demonstrating entitlement to a preliminary injunction. Such relief is an extraordinary remedy which should be granted only if the movant demonstrates that the circumstances clearly demand it. Amazon is entitled to broad discovery, and no showing has been made that it has abused that entitlement. I recommend that Omnichem LLC's Motion for a Preliminary Injunction be denied.

## VI.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: October 24, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 24, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 24, 2005.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

12