UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAZON ENVIRONMENTAL, INC.,

    Plaintiff,

v.

OMNICHEM, LLC.,

    Defendant.
    _____/

Case No. 04-74668

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DATED OCTOBER 21, 2005 AND AFFIRMING THE MAGISTRATE'S DISCOVERY ORDER [28]**

    This matter comes before the Court on Defendant's objection to and appeal of the Magistrate Judge's October 21, 2005 order denying Defendant's motion for a protective order seeking to prevent Plaintiff from serving and enforcing third party subpoenas and seeking to quash the third party subpoenas. Defendant appeals that part of the Magistrate Judge's order which imposed a discovery sanction against it in the amount of $4,500.00, reflecting the costs and attorneys fees incurred by Plaintiff in defending Defendant's motion. This Court, finding that the Magistrate Judge's Order was not clearly erroneous or contrary to law, DENIES Defendant's objection and AFFIRMS the Magistrate's October 21, 2005 discovery order.

    When a non-dispositive motion is referred to and decided by a magistrate judge, a party may appeal the decision within 10 days. "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P.

72(a).  *See also* 28 U.S.C. § 636(b)(1)(A).

Defendant's sole remaining objection to the Magistrate Judge's October 21, 2005 discovery order challenges the Magistrate's authority to impose discovery sanctions in that order as opposed to providing a report and recommendation.[1]  Defendant relies on decisions that hold a magistrate judge must issue a report and recommendation subject to *de novo* review by the district court when addressing motions for sanctions imposed under Federal Rule of Civil Procedure 11.  Defendant then argues that the Magistrate Judge here was required to follow the same procedure when imposing discovery sanctions.  *See AAA Venetian Blind Sales, Inc. v. Beaulieu of America, Inc.*, Nos. 96-1108, 96-1844, 1997 U.S. App. LEXIS 22461, * 13 (6th Cir. Aug. 19, 1997) (observing that a magistrate judge would not have jurisdiction "to enter a post-judgment order denying attorney fees"); *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (holding that post-dismissal motions for sanctions, fees and costs are not pre-trial matters pending before the court that magistrate judges are authorized to rule upon under 28 U.S.C. § 636(b)(1)(A)); *Bennett v. General Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 997 (6th Cir. 1992) (same); *Cramer v. Vitale*, 359 F. Supp.2d 621, 624 (E.D. Mich. 2005) (observing that, because motions for Rule 11 sanctions are dispositive claims, they "are appropriately addressed in the form of a report and recommendation" as required under 28 U.S.C. § 636(b)(1)(B)); *Holling v. United States*, No. 95-X-72263-DT, 1995 U.S. Dist. LEXIS 20121, * 5 n.2 (E.D. Mich. Dec. 28, 1995) (same).  This Court disagrees.

Unlike the Rule 11 sanction motions at issue in the decisions Defendant relies on, the

---

[1] Defendant withdrew its other objections on November 4, 2005.  (Docket No. 34.)

Magistrate Judge's October 21, 2005 order addressed Plaintiff's request for costs and attorney's fees in connection with a pre-trial discovery matter pending before the court. Magistrate judges routinely address discovery matters and issue orders that parties may object to and appeal. District courts then review the magistrate judge's discovery order to determine whether it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The procedural facts presented here are no different.

Plaintiff sought discovery sanctions pursuant to Fed. R. Civ. P. 26(g)(2) and (3). Rule 26(g)(3) provides that, "the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the . . . objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." An award of expenses or sanctions in connection with a motion for protective order is also discussed in Rules 26(c) and 37(a)(4) of the Federal Rules of Civil Procedure. Rule 26(c) provides that if a motion for a protective order is denied, "the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Fed. R. Civ. P. 26(c). Rule 26(c) further provides that "[t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion." *Id.* Rule 37(a)(4) provides, in pertinent part, that if requested discovery is subsequently provided, the court shall:

> after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

3

Fed. R. Civ. P. 37(a)(4).  Thus, there is ample support in the Federal Rules of Civil Procedure for a discovery order that imposes sanctions that include reasonable attorney's fees.  These orders do not dispose of a party's claim or a defense.  Rather, they are non-dispositive pre-trial discovery matters routinely referred to magistrate judges for a determination and court order.

In denying Defendant's motion to quash Plaintiff's third party subpoenas and denial of its motion for a protective order, the Magistrate Judge found Defendant's motion "sadly typical of the kind of discovery disputes that I see all the time," finding Defendant's discovery motion to be abusive gamesmanship.  (10/14/05 Hrg. Tr. at 44.)  Defendant does not provide any authority that precludes magistrate judges from imposing discovery sanctions in a discovery order.  Accordingly, because the Magistrate Judge's Order was not clearly erroneous or contrary to law, Defendant's objection is DENIED and the Magistrate's October 21, 2005 discovery order is AFFIRMED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4